NORWOOD and WIFE v. HOLLIMAN, Adm'r., etc.

DESCENTS AND DISTRIBUTIONS.—J. H. died, leaving surviving him six children, one of whom was E. H.; an administrator was appointed; E. H. married and died, leaving surviving him his wife, Harriet L., and one minor child; the child died, leaving the said Harriet L. her sole heir, who afterwards intermarried with C. N. On petition in the Probate Court by the said C. N. and Harriet L., making the administrator of J. H. party defendant, and asking that the said Harriet L. be declared entitled to one sixth interest in all the real and personal estate of which the said J. H. died seized, and that the administrator be ordered to turn over the same to the said Harriet L.: *Held*, on general demurrer, by the administrator:

*First*. That if Harriet L. was entitled to the estate descending to her from her former husband, it ought to come to her through his administrator, freed from his debts; and that the Probate Court had no power to declare that one sixth of the real estate of the said J. H. should be turned over to the said Harriet L., as the administrator only holds the estate for the payment of debts.

*Second*. That the petition for distribution should have affirmatively shown the condition and liabilities of the estate of the said J. H.; what, if anything, remained for distribution after the payment of the debts; that all the distributees should have been made parties defendant and should allege a tender of bond as required by law.

APPEAL FROM OUACHITA CIRCUIT COURT.

HON. GEORGE W. McCOWN, *Circuit Judge.*

*English & English, Leake and Garland* for Appellants.

We submit:

*First.* That the demurrer in the court below should have been overruled, as being general and not specifying the grounds of objection to the complaint. *See section* 112, *Code of Practice.*

*Second.* That the bond to refund, to be given by an heir and distributee, under *section* 2, *p.* 49 *Chapters Digest,* is not a *prerequisite,* but is *discretionary* with the administrator to demand, and the court to order such bond given.

*Third.* That, under *chapter* 56, *Gould's Digest,* appellants were not only entitled to the personalty claimed in the petition, and *dower* in the interest of Holliman in the lands owned by his father at the time of his death, (one sixth) but, under *chapter* 10, "*Chapters Digest,*" to the land *absolutely.*

*U. M. Rose,* for Appellee.

The demurrers confessed everything stated in the petitions, but nothing not therein stated. They were properly sustained, because:

*First.* It did not appear that the Probate Court had any jurisdiction in the premises, it not appearing that the letters in either case had been issued by the Probate Court of Ouachita county.

*Second.* It did not appear, with any degree of certainty, what the estate was that was to be distributed.

*Third.* It did not appear that the debts were paid, and that the estate was in a condition for distribution.

*Fourth.* Mrs. Norwood and her husband could not bring these suits as heirs, or claiming as such. Take the first case for example. They could not sue in their own names for the distributive share of Elijah B. in the estate of his father.

This could only be done by the administrator of Elijah B. So that the assets coming to him might be first applied to the payment of his debts. By this proceeding the applicants would have intercepted the estate, and cut off the creditors, which cannot be done. *Pryor vs. Ryburn*, 16 *Ark.*, 672; *Slocomb vs. Blackburn*, 18 *Id.*, 319; *Atkins vs. Guice*, 21 *Id.*, 179; *Lemon vs. Rector*, 15 *Id.*, 436; *Pope vs. Boyd*, 22 *Id.*, 535; *Anthony vs. Peay*, 18 *Id.*, 30; *Worsham vs. Field*, *Id.*, 448.

*Fifth.* The petitioners should have tendered a refunding bond, as required by statute. *Gould's Dig.*, ch. 4, sec. 150; *Chapters of Digest*, p. 48; *Keith & Jolly*, 26 *Miss.*, 131; *Cannon vs. Benson*, *Id.*, 395; *Logan vs. Richardson*, 1 *Penn.*, *S. R.*, 372.

*Sixth.* No one was made defendant except the administrator, whereas all parties in interest should have been brought in, and should have had ten days' notice of the application. *Gould's Dig.*, ch. 4, sec. 154; *Chapters of the Digest*, p. 49, sec. 6; *Murff vs. Frazier*, 41 *Miss.*, 418; *Valentine vs. Wetherill*, 31 *Barb.*, 655; *Cargile vs. Harrison*, 9 *B. Mon.*, 518; *Hawkins vs. Craig*, 1 *Id.*, 27; *Boyett vs. Kerr*, 7 *Ala.*, 9; *Porter vs. Porter*, 7 *How.*, (*Miss.*) 106; *Shattuck vs. Young*, 2 *S. & M.*, 130; *Robinson's Appeal*, 1 *Chip.*, (*Vt.*) 357

*Seventh.* This being an ancestral estate, on the part of the father, certainly as to lands under the statute of descents contained in *Gould's Digest*, on the death of Eugenie Maria it went "to the line on the part of the father, whence it came, not in postponement, but in exclusion of the mother's line." *Kelly vs. McGuire*, 15 *Ark.*, 555.

McClure, C. J.—In November of 1868, James Holliman died, leaving surviving him six children, one of whom was Elijah B. Holliman; the names of the other five do not appear of record. The estate, real and personal, of James Holliman, deceased, seems to have been worth $25,000 or $30,000. In February of 1869, Richard T. Holliman, the appellee in this suit, was appointed administrator on the estate of James Holliman, deceased.

In January, 1871, Charles M. Norwood, and Harriet L., his wife, filed their petition in the 'Probate Court of Ouachita county, asking that the said Harriet L. Norwood be declared entitled to a one-sixth interest in all the real and personal estate ·of which James Holliman died seized, and that the administrator of said estate, Richard T. Holliman, be ordered to pay and turn over to the said Harriet L. Norwood, one sixth interest of said estate of James Holliman, deceased. The administrator, Richard T. Holliman, is made a party defendant to this complaint, and it alleges that Elijah B. Holliman was a son of James Holliman, deceased; that in December of 1868, said Elijah B. Holliman died, leaving surviving him his wife, the said Harriet L. (the present appellant) and one child, Eugenia Maria Holliman; that said child, Eugenia Maria Holliman, died in August, 1870, leaving the said Harriet L. her sole heir; that in December of 1869, she, the said Harriet L., intermarried with her present husband, Charles M. Norwood. These are the facts upon which she bases her complaint, and upon which she bases her claim to the relief asked. In the Probate Court the administrator filed a general demurrer, which was by the court sustained. An appeal was taken to the Circuit Court; the demurrer was again sustained, ·and an appeal taken to this court.

*Section* 112 of the *Code,* in declaring the effect of a demurrer, says: "The demurrer shall distinctly specify the grounds of the objection to the complaint; unless it does so, it shall be regarded as objecting, only, that the complaint does not state facts sufficient to constitute a cause of action." It is in this light we shall examine this case.

The question presented, then, is: do the facts stated entitle the appellants to the relief asked? A response to this inquiry involves the examination of two statutes. The first of which is the tenth section of the statute regulating descent and distribution, as found in *Gould's Digest (page* 422), which is as follows: "In cases where the intestate shall die without descendants, if the estate come by the father, then it shall

ascend to the father and his heirs; if by the mother, the estate, or so much thereof as came by the mother, shall ascend to the mother and her heirs; but if the estate be a new acquisition, it shall ascend to the father for his lifetime, and then descend, in remainder, to the collateral kindred of the intestate, in the manner provided in this act; and in default of a father, then to the mother for her lifetime; then to descend to the collateral heirs, as before provided."

The estate in this instance was not a "new acquisition;" it came by the "line of the father." The facts alleged by Harriet L. Norwood, in her complaint, would not allow her to the relief asked under this statute, and there could be no error in sustaining a demurrer to the complaint, for the facts stated do not, to use the language of the code, " *constitute a cause of action*."

The counsel for the appellants urge that the line of descent and distribution, as fixed by the section just quoted, has been superseded, and that the facts alleged in the complaint entitle her to the relief asked under the provisions of section one of the chapter in the new digest (page 65), regulating the descent and distribution of the property of deceased persons, dying intestate. The section thus alluded to is, in substance, as follows—that the property shall descend:

*First.* To his children, or their descendants, in equal parts.

*Second.* If there be no children or their descendants, then to his father, mother, brothers and sisters, and their descendants in equal parts, etc.

Under the provisions of this section the appellants claim that at the death of Elijah B. Holliman the one-sixth interest of the estate of James Holliman, deceased, which, by the law, passed to the said Elijah B., descended to Eugenia Maria Holliman; and that at the death of the said Eugenia, there being no children, or their descendants, or father (living), that this one-sixth interest in the estate of James Holliman passed to Harriet L. Norwood, the mother of said Eugenia Maria Holliman, as her sole heir.

Counsel for the parties to this suit insist that the question thus presented involves the validity of the chapters of what is called the "new digest." While we have no disposition to evade a question presented by the record in this case, we think it better to first examine the question presented by the demurrer, and see if the complaint would be sustained under either of the statutes from which we have quoted; for if it shall appear that the complaint does not state facts sufficient to constitute a cause of action under either statute, it might be claimed that so much of the decision as related to the constitutionality and validity of the statutes was a mere *obiter dictum.* This being true, and the validity of the chapters of the digest being a matter of some doubt in the mind of the profession, we prefer to settle the question of their legality in a case where the opinion of the court would not be regarded as mere *dictum.*

From the beginning to the end of the complaint there is nothing in it which advises the court of the condition of the estate of James Holliman, deceased. It is true that the complaint states that the estate was worth some twenty-five or thirty thousand dollars; but what its liabilities were, is nowhere stated, nor is it alleged that the administrator had, or would have, a single dollar to distribute among the heirs of James Holliman, deceased, after the payment of his debts. Without these facts appearing affirmatively, the court below could not do otherwise than sustain the demurrer.

Counsel for the appellee urge that Mrs. Norwood and husband cannot bring the suit, on the ground that the toleration of such a practice would intercept the estate of Elijah B. Holliman, deceased, and cut off his creditors. In this we agree with him.

Mrs. Norwood had no right to bring such an action. If she was entitled to the estate descending to her former husband, it ought to have come to her through his administrator, freed from his debts. The Probate Court had no power to declare that one-sixth of the real estate should be turned over

to Mrs. Norwood, as the administrator only holds the estate for the payment of debts.

Section one of the chapters of the new digest (page 48) declares that an executor or administrator shall not be compelled to make distribution until one year after the date of his letters. Section two of the same chapter declares that an administrator shall not be compelled to make distribution within two years after the date of his letters, unless ordered to do so by the court, until bond and security be given by the legatee or distributee, etc.

Counsel for the appellee insists that the complaint should recite a tender of the bond required by section two, before he is entitled to an order for distribution. In this view we agree with him. The complaint, as has been stated, does not mention the names or residences of any one of the other distributees. This, we think, it should do, as section six of the chapter, now under discussion, declares that the distributees not applying for distribution, shall be notified in writing of such application ten days before any such order shall be made, etc. The thirty-third section of the same chapter also shows conclusively that the other distributees should be made parties, as it provides that guardians *ad litem* should be appointed for such of the heirs as are not residents of the county. There are many reasons why the other distributees should be made parties to any suit or proceeding which has for its purpose the distribution of the effects of an estate. The order of distribution, when made by the court, is in the nature of a judgment, and ought to settle the rights and interests of all the distributees. If this proceeding had been for the partition of an estate, the distributees would have had to have been made parties defendants, and we can see no reason for the relaxation of such a rule where the complaint asks for the distribution of an estate. That portion of *Gould's Digest, page* 129, which relates to legacies and distribution, is very similar to the chapter of the new digest on this subject; and so far as the old or new digest, on the

subject of administration, is concerned, the complaint does not come within either. These things being true, the discussion of the constitutionality or the unconstitutionality of the chapters of the new digest becomes unnecessary, and all argument upon that subject, from this point onward, would be nothing but *dictum*, and treated as such by the profession. While it might, to some extent settle conflicting opinions held by members of the bar, it is our experience that *dictums*, upon questions not necessarily before the court, seldom give the universal satisfaction as though the opinion had been prepared in a case where the question was directly involved.

The judgment of the Ouachita Circuit Court is affirmed.